## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

WILLIAM BEHENNA,          )
                                  )
          Plaintiff,        )
v.                             )    Case. No. 22-CV-3922
                                  )
THOMAS J. DART, SHERIFF OF COOK    )
COUNTY, in his official    )
capacity, and COUNTY OF COOK, ILLINOIS,    )
as indemnitor,    )
                                  )    **JURY DEMANDED**
          Defendants.    )

## COMPLAINT

WILLIAM BEHENNA ("Plaintiff" or "Behenna"), by and through his undersigned counsel, Navarrio Wilkerson, Esq., DISPARTI LAW GROUP, P.A., complains as follows against Thomas J. Dart, in official capacity ("Defendant"), and the County of Cook, Illinois, as indemnitor (collectively, "Defendants").

## NATURE OF THE ACTION

1. On or about August 2, 2004, Plaintiff was hired by the Cook County Sheriff's Department as a Correctional Officer.

2. Plaintiff was assigned to the Cook County Department of Corrections (CCDOC).

3. On April 19, 2015, he was promoted to the rank of Lieutenant.

4. Based on the Collective Bargaining Agreement, he was to receive step raises annually on August 2nd.

5. On November 30, 2019, after completing his fifteenth (15th) year, his salary was on step seven (7) of the AFSCME pay scale.

6. Due to a step freeze for the fiscal yar of 2019 he was not advanced to step eight (8).

1

7. On November 30, 2019, he and others were moved back to step five (5) of a new pay scale.

8. Plaintiff filed multiple grievances on the backward movement on the pay scale.

9. On August 2, 2020, Plaintiff was due to be advanced forward, but was not.

10. His similarly situated co-worker, Hope McGee, was moved from step five (5) to step six (6).

11. On August 2, 2021, Plaintiff was due another step advancement, but no advancement occurred.

12. On December 19, 2021, Plaintiff was advanced to step six (6) after two years.

13. Hope McGee was advanced to step seven (7).

14. There continues to be pay disparities despite possessing the exact same seniority and position levels as his female coworker.

## JURISDICTION AND VENUE

15. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1343.

16. Jurisdiction also arises under U.S.C. 1367 supplemental jurisdiction of claims over all other claims that are so related to claims in the action within such original jurisdiction as they form part of the same case or controversy.

17. This Court has jurisdiction to award attorney's fees under 42 U.S.C. § 1988.

18. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein have occurred in this district, and because Defendants maintain places of operation within this District.

**PARTIES**

19. Plaintiff William Behenna is a natural person and legal adult residing in this judicial district.

20. Behenna is currently employed by Sheriff Thomas J. Dart and assigned as a Correctional Lieutenant at Cook County Department of Corrections.

21. Behenna has at all times performed the functions of a Cook County Correctional Lieutenant satisfactorily and free from significant prior discipline.

22. Defendant Thomas J. Dart is a legal adult and resident of Cook County, Illinois. Defendant Thomas J. Dart is also the duly elected Sheriff of Cook County, Illinois.

23. Defendant Cook County, Illinois is a county in the State of Illinois with a principal place of business and operation at 118 North Clark Street, Chicago, Illinois 60602.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24. All administrative remedies for the purposes of the Title VII claim have been exhausted. All conditions precedent to the institution of this lawsuit have been fulfilled including of receipt of the right-to-sue letters issued by the EEOC on July 12, 2022. A copy of the Right-to-sue letter is attached hereto as *Exhibit A*.

25. Plaintiff commenced this lawsuit within the 90-day period of the EEOC right-to-sue-notice.

**FACTS COMMON TO ALL COUNTS**

26. On or about August 2, 2004, Plaintiff was hired by the Cook County Sheriff's Department as a Correctional Officer.

27. On or about August 2, 2004, Plaintiff's coworker Hope McGee was also hired by the Cook County Sheriff's Department as a Correctional Officer.

28. On June of 2021, both held the rank of Lieutenant and had a seniority/promotion date of April 19, 2015, to the rank of lieutenant.

29. Based on the Collective Bargaining Agreement, Plaintiff was to receive step raises annually on or about August 2nd of each year.

30. The Section 6.1 2017-2020 AFSCME CBA states, "Effective FY 2019 Employees will have a one-year step freeze."

31. Due to the contractually negotiated step freeze for the fiscal year of 2019 he was not advanced to step eight (8) of the pay scale.

32. On November 30, 2019, after completing his fifteenth (15th) year, Plaintiff's salary was $88,291.00 as a "CO3" on step seven (7) of the AFSCME pay scale.

33. Effective on December 1, 2019, the AFSCME contract 2226, dated 2017-2020, was modified to mirror the Court Services Lieutenant pay scale.

34. On or about December 1, 2019, he and others were moved to step five (5) of the modified pay "C03" pay scale.

35. Plaintiff's salary of $88,291.00 at step seven (7) was changed to step (5) at $89,421.00.

36. On or about December 8, 2019, Plaintiff and Hope McGee were both moved from step seven (7) to step five (5) of the new "CO3" pay scale, both having fifteen (15) years of seniority.

37. Instead to being moved from step (7) to step eight (8), they were moved to step five (5) on the 'new" pay scale.

38. On December 30, 2019, Plaintiff submitted grievance #RTU2019-0095 pursuant to AFSCME 2226 union requirements regarding the failure to move to the next step of the pay scale.

39. On December 31, 2019, Plaintiff received confirmation of receipt of his grievance from Denise Possa.

40. On January 28, 2020, Plaintiff received an email notification from AFSCME Chief Union Steward Kieran Mundt that his grievance (#RTU2019-0095) would not be heard because a similar grievance had been heard by Sheriff's Counsel Peter Kramer.

41. On June 9, 2020, Plaintiff contacted Assistant Executive Director Deborah Boecker via email, notifying her of his incorrect pay step and that he should have remained in Step seven (7) on December 1, 2019, and advanced to step eight (8) on August 2, 2020.

42. Plaintiff also informed Deborah Boecker that other Lieutenants were receiving raises on their anniversary dates in 2020, but a response was never given.

43. On July 8, 2020, Plaintiff resubmitted and advanced grievance #RTU2019-0095 to level two (2) to Matthew Burke, the Human Resources Director and Sheriff's Counsel Peter Cramer via email.

44. Plaintiff filed multiple grievances on the backward movement on the pay scale.

45. On August 2, 2020, Plaintiff was due to be advanced forward, but was not.

46. His similarly situated co-worker, Hope McGee, was moved from step five (5) to step six (6) of the new pay scale.

47. The Section 6.1 2020-2024 AFSCME CBA states:

   *"All employees covered by this Agreement shall receive the appropriate salary provided for their respective grade and length of service as set forth in Appendix A of this Agreement. Employees will be increased to the appropriate step upon completion of the required length of service in the classification."*

5

*"Effective 5/31/2021, employees will be placed on the first step of the new scale that provides a salary increase. Such action will not change employees' anniversary dates and will not adversely affect advancement to the next step of the new pay scale."*

*"All previous time served on Step 5 will be credited for advancement from Step 5 to Step 6 on the new pay scale.*

48. On or about August 2, 2020, Hope McGee was advanced in the new pay scale from Step 5 at $89,421.00 to Step 6 at $93,851.00.

49. On or about September 13, 2020, Plaintiff received cost of living raise in the new pay scale at $89,421.00 to $91,210.00.

50. On or about September 13, 2020, Hope McGee received a cost of living raise in the new pay scale at $93,851.00 to $95,727.00.

51. On September 18, 2020, Plaintiff submitted a request that his grievance be advanced to step 3, a hearing by an "Impartial Third Party."

52. On October 8, 2020, Plaintiff received a response from ASCFME Counsel 31 representative David Dorn indicating his grievance would be heard by the Sheriff's legal department.

53. On January 4, 2021, Plaintiff made a second request to advance his grievance to step #3.

54. On April, 2021, upon information and belief, David Dorn indicated that Plaintiff's grievance was denied by management and would not be advanced.

55. On August 2, 2021, no advancement was given, leaving the Plaintiff still at step five (5).

56. On August 2, 2021, Plaintiff was due another step advancement, but no advancement occurred.

57. On or about August 2, 2021, Plaintiff contacted Deborah Boecker via phone to inquire why he had not received his advancement in pay.

58. On October 11, 2021, Plaintiff emailed Lisa Garza, the Director of Payroll, and inquired why his pay scale had not advanced like his other female coworker Hope McGee, which went without response.

59. On October of 2021, AFSCME Correctional Lieutenants moved to the GRADE 20 pay scale, retroactively to May 31, 2021.

60. On November 9, 2021, and December 2, 2021, Plaintiff emailed Sean Lynch, a payroll supervisor, and informed him that Plaintiff was still in the wrong pay scale.

61. On December 19, 2021, Plaintiff was advanced to step six (6) after two years, though others were allowed to advance.

62. Hope McGee, having the exact same seniority was advanced to step seven (7), still ahead of the Plaintiff.

63. On March 14, 2022, Plaintiff sent an email to CCSO Pay Inquiry and Liza Garza asking why he and his female colleague were still being paid differently.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

64. Plaintiff adopts, realleges, and incorporates by reference the allegations contained in paragraphs 1-63 of this Complaint, as if set forth herein.

65. To establish a Title VII prima facie discrimination case, a plaintiff generally must establish: (1) that he is a member of a protected class; (2) that he was meeting his employer's legitimate job expectations; (3) that he suffered an adverse employment action; and (4) that his employer treated at least one similarly situated employee not in the plaintiff's protected class more favorably. Civil Rights Act of 1964, § 701 et seq., 42

U.S.C.A. § 2000e et seq. *Hood v. Nat'l R.R. Passenger Corp.*, 72 F. Supp. 3d 888 (N.D. Ill. 2014)

66. Plaintiff, as a male, is a member of a protected class as he has been discriminated against based on his gender/sex.

67. At all times, the Plaintiff was meeting his employer's legitimate job expectations as a Correctional Officer and Lieutenant.

68. The Plaintiff has suffered an adverse employment action by not being allowed to advance in his pay scale compared to other similarly female situated employees.

69. Plaintiff has endured and suffered loss of pay by being forced to work for lower wages that his similarly situated coworkers.

70. Plaintiff's coworker Hope McGee began her employment on August 2, 2004, the same day as the Plaintiff.

71. Plaintiff, along with Hope McGee was also promoted to lieutenant on April 19, 2015.

72. As lieutenants, the Plaintiff and Hope McGee perform substantially the same tasks.

73. On August 2, 2020, Plaintiff was due to have his pay scale advanced forward but was not.

74. On or about August 2, 2020, Hope McGee was advanced in the new pay scale from Step 5 at $89,421.00 to Step 6 at $93,851.00.

75. Conversely, his similarly situated co-worker, Hope McGee, was moved from step five (5) to step six (6).

76. Despite complaining via email and filing grievances about the pay disparity and differential treatment, Defendants have knowingly prevented Plaintiff from advancing at the same pace as his female coworkers.

77. On August 2, 2021, Plaintiff was due another step advancement, but no advancement occurred.

78. Since Hope McGee's additional step advancement, she has been treated more favorably than the Plaintiff, and continues to be paid more than the Plaintiff, regardless of additional percentage increases applied.

79. Between September 13, 2020, and May 30, 2021, Plaintiff's annual salary was $91,210 while McGee's was $95,727.

80. Between May 31, 2021, and June 1, 2021, Plaintiff's annual salary was $92,416.00, while McGee's was $96,343.00.

81. Between June 1, 2021, and December 18, 2021, Plaintiff annual salary was $93,802.00, while McGee's was $97,788.00.

82. Between December 18, 2021, and May 31, 2022, Plaintiff's annual salary was $97,788.00, while McGee's was $100, 478.00.

83. Between June 1, 2022, and present July of 2022, Plaintiff's annual salary is $100,232.00, while McGee's was $102,990.00.

WHEREFORE, for the forgoing reasons, Plaintiff William Behenna, request that this Court enter judgment in their favor and against Defendants, in an amount to be proved at trial, including lost pay and benefits, compensatory damages up to and including $300,000, for emotional distress and reputation harms, and for all such other relief to which they are entitled, and the Court deems just and proper.

## COUNT II – INDEMNIFICATION
### (Plaintiff v. Defendant Cook County, Illinois)

84. Plaintiff realleges and incorporates paragraphs 1- 83 of this Complaint above as if fully set forth herein.

85. Illinois statute provides that a local public entity such as Defendant Cook County is obligated to assume financial responsibility for the actions committed by its officials or employees, such as Defendant Thomas J. Dart named herein. See 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

WHEREFORE, Plaintiffs respectfully request that Defendant Cook County be directed to pay, indemnify, and assume financial responsibility for the actions and/or omissions committed by Defendant Sheriff Dart and other named individual Defendants in all ways for harms caused by him.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT
## 820 ILCS 112

86. Plaintiff adopts, realleges, and incorporates by reference the allegations contained in paragraphs 1-85 of this Complaint, as if set forth herein.

87. Plaintiff is a male employed by the Cook County Sheriff's Office as a Correctional Lieutenant.

88. Hope McGee is a female employed by the Cook County Sheriff's Office as a Correctional Lieutenant.

89. The Equal Pay Act provides in part: No employer ... shall discriminate ... between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions...." *Fallon v. State of Ill.*, 882 F.2d 1206, 1208 (7th Cir. 1989).

90. To establish a prima facie case under the Equal Pay Act, a plaintiff must show: (1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort, and responsibility; and (3) that the employees have similar working conditions. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974); *Epstein v. Secretary, United States Department of the Treasury*, 739 F.2d 274, 277 (7th Cir.1984).

91. On or about August 2, 2004, Plaintiff and Hope McGee were hired by the Cook County Sheriff's Department as a Correctional Officer.

92. Plaintiff and Hope McGee were assigned to the Cook County Department of Corrections (CCDOC).

93. On or about April 19, 2015, Plaintiff and Hope McGee were promoted to the rank of Lieutenant.

94. Similarly, Hope McGee, as Correctional Lieutenant, performs similar tasks that require the same equal skill, effort, and responsibility as the Plaintiff's job duties.

95. The Equal Pay Act defines an "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). *Tamayo v. Blagojevich*, 526 F.3d 1074, 1088 (7th Cir. 2008)

96. On or about August 2, 2020, Hope McGee was advanced in the new pay scale from Step 5 at $89,421.00 to Step 6 at $93,851.00.

11

97. Conversely, his similarly situated co-worker, Hope McGee, was moved from step five (5) to step six (6).

98. Despite complaining via email and filing grievances about the pay disparity and differential treatment, Plaintiff has not been allowed to advance at the same pace as his female coworkers.

99. On August 2, 2021, Plaintiff was due another step advancement, but no advancement occurred.

100.    Since Hope McGee's additional step advancement, she has been treated more favorably than the Plaintiff, and continues to be paid more than the Plaintiff, regardless of additional percentage increases applied.

101.    Between September 13, 2020 and May 30, 2021, Plaintiff's annual salary was $91,210 while McGee's was $95,727.

102.    Between May 31, 2021, and June 1, 2021, Plaintiff's annual salary was $92,416.00, while McGee's was $96,343.00.

103.    Between June 1, 2021, and December 18, 2021, Plaintiff annual salary was $93,802.00, while McGee's was $97,788.00.

104.    Between December 18, 2021, and May 31, 2022, Plaintiff's annual salary was $97,788.00, while McGee's was $100, 478.00.

105.    Between June 1, 2022, and present July of 2022, Plaintiff's annual salary is $100,232.00, while McGee's was $102,990.00.

106.    The Plaintiff and Hope McGee perform the same tasks and responsibilities under the same working conditions as lieutenants.

WHEREFORE, for the forgoing reasons, Plaintiff William Behenna, request that this Court enter judgment in their favor and against Defendants, in an amount to be proved at trial, including lost pay and benefits, compensatory damages, and punitive damages, injunctive relief, and reasonably attorneys fees, and for all such other relief to which they are entitled, and the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT
## 775 ILCS 5/1-101

107.　　Plaintiff realleges and incorporates paragraphs 1- 106 of this Complaint above as if fully set forth herein.

108.　　In analyzing employment discrimination actions brought under the IHRA, the Supreme Court has adopted the analytical framework set forth in United States Supreme Court decisions addressing claims under Title VII of the Civil Rights Act of 1964. *Zaderaka v. Illinois Human Rights Commission.* 131 Ill. 2d 172, 178, 545 N.E.2d 684, 687, 137 Ill. Dec. 31 (1989).　Both Title VII and the Illinois Human Rights Act are interpreted in the same manner and the discrimination claims are structured in the same fashion. Civil Rights Act of 1964,§ 701 et seq., 42 U.S.C.A. § 2000e et seq.; 775 ILCS 5/1-101 et seq. *Frey v. Hotel Coleman*, 141 F. Supp. 3d 873 (N.D. Ill. 2015).

109.　　To establish a prima facie case of employment discrimination under Human Rights Act, the plaintiff must show that: (1) he is a member of a protected group; (2) he performed his job satisfactorily; (3) the employer took adverse action against his despite the adequacy of his work; and (4) a similarly situated employee, who is not a member of the protected group, was not subjected to the same adverse action. S.H.A. 775 ILCS 5/1-

13

101 et seq. *Anderson v Chief Legal Couns., Ill. Dep't of Hum. Rts.*, 334 Ill. App. 3d 630, 778 N.E.2d 258 (2002).

110.     Plaintiff has been discriminated against by the Defendant based on his gender.

111.     Plaintiff is an adult male, a member of a protected group.

112.     At all relevant times, the Plaintiff as performed his job satisfactorily and successfully, without significant disciplinary action.

113.     Despite adequately performing his job duties, Plaintiff continues to be subject to adverse actions of being treated less favorably compared to his female coworkers.

114.     Plaintiff has been subjected to an adverse action in which he is has been paid less than his similarly situated female employee, Hope McGee, who is not a member of his protected group.

WHEREFORE, for the forgoing reasons, Plaintiff William Behenna, request that this Court enter judgment in their favor and against Defendants, in an amount to be proved at trial, including lost pay and benefits with interest, compensatory damages, emotional damages, and reasonably attorneys fees, and for all such other relief to which they are entitled, and the Court deems just and proper.

**JURY DEMANDED**

Respectfully submitted,

**William Behenna**

*/s/ Navarrio Wilkerson, Esq.*

By: _____

Navarrio Wilkerson, Esq.
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 506-5511 ext. 336

14

F: (312) 846-6363
navarrio@dispartilaw.com



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**VIA EMAIL**

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

July 12, 2022

Mr. William M. Behenna, Jr.
c/o NaVarrio D. Wilkerson, Esquire
Disparti Law Group
121 West Wacker Drive
Suite 2300
Chicago, IL  60601

Re:  EEOC Charge Against Cook County Sheriff's Dept.
 No. 440202200320

Dear Mr. Behenna, Jr.:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by   /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
 Cook County Sheriff's Dept.



EXHIBIT

A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Mr. William M. Behenna, Jr.**<br>**c/o NaVarrio Wilkerson**<br>**Disparti Law Group**<br>**121 W. Wacker Drive, Suite 2300**<br>**Chicago, IL 60601** | From: | **Chicago District Office**<br>**230 S Dearborn Street**<br>**Chicago, IL 60604** |
|---|---|---|---|

| EEOC Charge No.<br>**440-2022-00320** | EEOC Representative<br><br>**Gregory Mucha,**<br>**Investigator** | Telephone No.<br><br>**(312) 872-9686** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission:

July 12, 2022

Digitally Signed By: Julianne Bowman

**Julianne Bowman**
**District Director**

Enclosures(s)

cc:    **COOK COUNTY SHERRIF'S OFFICE**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS — Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS — Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION — Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE — All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2022-00320 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. WILLIAM M BEHENNA JR.** | **(708) 955-8180** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **525 7TH AVE., LA GRANGE,IL 60525** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **COOK COUNTY SHERRIFF'S DEPARTMENT** | **501+** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **50 W WASHINGTON ST, CHICAGO, IL 60602** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☒ OTHER *(Specify)*  **Equal Pay** | Earliest **12-01-2019**  Latest **10-20-2021**<br><br>☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by Respondent on or about August 2, 2004.  My current position is Correctional Lieutenant.  During my employment, I was denied a raise.  I recently learned that my similarly situated female co-worker did receive a raise and is being paid at a higher rate than me.  I complained to Respondent without remedy.**

**I believe I am being discriminated against because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.  I also believe I am being discriminated against because of my sex, male, in violation of the Equal Pay Act of 1963, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| <br>**Digitally signed by William M Behenna Jr. on 10-21-2021 06:22 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.